# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DR. ANNE T. SULTON,
        Plaintiff,

    v.                                                                       Case No. 16-C-0307

BOARD OF REGENTS OF THE
UNIVERSITY OF WISCONSIN SYSTEM
and SUSAN TAKATA,
        Defendants.

## DECISION AND ORDER

Plaintiff Anne T. Sulton alleges that she was denied employment at the University of Wisconsin – Parkside ("UWP") based on her race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.*, and also 42 U.S.C. § 1981. She also alleges a claim under 42 U.S.C. § 1983 for alleged violations of her rights under the Equal Protection Clause of the Fourteenth Amendment. Finally, she alleges a claim under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et. seq.* ("ADEA"). Before me now is the defendants' partial motion to dismiss for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). The defendants seek dismissal of the plaintiff's ADEA claim based on sovereign immunity. They further contend that the ADEA precludes a Fourteenth-Amendment age-discrimination claim under § 1983 and that, in any event, the plaintiff has not sufficiently pleaded such a claim. The Plaintiff concedes her ADEA claim, so I need only determine whether Plaintiff's Fourteenth-Amendment age-discrimination claim must also be dismissed.

# I. BACKGROUND

According to the allegations of the plaintiff's first amended complaint, on October 27, 2013, the plaintiff responded to a UWP job advertisement for a "one-year terminal appointment as a Lecturer," with a minimal requirement of completion of all requirements for a Ph.D., except the dissertation. In her response to the job advertisement, the plaintiff noted that she has a Ph.D. and a law degree, and that she would be interested in the one-year appointment. Am. Compl. ¶ 8–9. By December 18, 2013, all of the application materials had been submitted.

On January 16, 2014, Susan Takata, serving as the "Interim Department Chair, Search and Screen Committee Chair" at UWP, wrote an e-mail to Plaintiff which stated:

> Dear applicant:
> Thank you for applying to the University of Wisconsin-Parkside for the position of Associate/Assistant Professor of Criminal Justice. We have completed the initial screening of applications and have reviewed your resume against our current requirements. At this time I am sorry to inform you that you do not meet the minimum qualifications for the position.
> Thank you for your interest in the University of Wisconsin-Parkside. I wish you well in your search and career.
>     Respectfully,
>     Dr. Susan Takata, Professor
>     Interim Department Chair
>     Search and Screen Committee Chair

Am. Compl. ¶ 13. On January 16, 2014, plaintiff replied to Takata asking, "[W]hy do [I] not meet the minimum qualifications for the faculty position? [P]lease send me the forms I need to complete to file a formal complaint." Am. Compl. ¶ 14.

On January 29, 2014, at 11:36 AM, the Human Resources Manager sent plaintiff an e-mail stating that she had one week to reapply, but set the date by which she needed to submit additional materials as January 31, 2014. Am. Compl ¶ 15. On March 15, 2014, plaintiff filed an employment discrimination complaint with the

Wisconsin Equal Rights Division and EEOC regarding the aforementioned issues, specifically concerning alleged discrimination and retaliation practiced by the defendants. Am. Compl. ¶ 16. In response, the defendants claimed that the plaintiff's application had been denied because she failed to submit teaching evaluations, she did not qualify for appointment at the associate professor rank, her course syllabi did not cover race/crime, and because UW-Parkside was searching "for a professor, suitable for tenure, who professed a long-term commitment to UW-Parkside." Am. Compl. ¶ 17–20.

Defendants selected Karin Miofsky, a white woman, to teach at the assistant professor rank. Miofsky is decades younger than the plaintiff, has published fewer books and articles than the plaintiff, and has taught at the university level and practiced in this field of study for less time than the plaintiff. Am. Compl. ¶ 22–24.

On March 12, 2016, the plaintiff filed a complaint for employment discrimination with this court. On April 5, 2016, the defendants filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In their brief in support of the motion, the defendants argued that state entities are immune from ADEA claims, that state actors and those acting in their official capacities cannot be sued pursuant to 42 U.S.C. § 1981, and that the plaintiff's retaliation claims must be dismissed.

In response to the defendant's motion to dismiss, the plaintiff filed an amended complaint, thus mooting the motion to dismiss. Plaintiff's amended complaint now names the Board of Regents of the University of Wisconsin System and Susan Takata, in her individual capacity, as defendants. The defendants filed a renewed motion to

dismiss for failure to state a claim, arguing this time that the ADEA claim must be dismissed on the ground that the State of Wisconsin's sovereign immunity extends to its agencies and arms, including the Board of Regents. Plaintiff has conceded that the Board of Regents is immune from suit under the ADEA but argues that she may still pursue age-discrimination claims under the Equal Protection Clause of the Fourteenth Amendment. Defendants disagree, and further contend that the plaintiff's complaint only alleges race discrimination under the Equal Protection Clause.

## II. DISCUSSION

When reviewing a 12(b)(6) motion to dismiss, a court accepts as true all allegations of the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order for a plaintiff to avoid dismissal under a 12(b)(6) motion, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint, however, cannot merely contain "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The plaintiff concedes that the Board of Regents is entitled to sovereign immunity with respect to the claim under the ADEA. See *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62 (2000). Thus, the questions are whether the ADEA precludes a § 1983 Equal Protection Claim, and whether the plaintiff has adequately pleaded a claim for age discrimination under the Equal Protection Clause.

The Seventh Circuit has already answered the first question. In *Levin v. Madigan*, 692 F.3d 607 (7th Cir. 2012), the court addressed whether the ADEA precludes a § 1983 equal-protection claim. The court held that, "[a]lthough the ADEA

4

enacts a comprehensive scheme for enforcement of its own statutory rights . . . we find that it does not preclude a § 1983 claim for constitutional rights." *Id.* at 617. The defendants note that courts of appeals outside of the Seventh Circuit have concluded that the ADEA does preclude § 1983 suits for age discrimination. However, because I am bound by the precedent set by the Seventh Circuit, I find that the plaintiff's § 1983 age-discrimination claim is valid.

The defendants next contend that the plaintiff has not adequately pleaded a claim for age discrimination under § 1983. "In order to prevent dismissal under Rule 12(b)(6), a complaint alleging [age] discrimination need only aver that the employer instituted a specified adverse employment action against the plaintiff on the basis of her [age]." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008).

I find that the Plaintiff has alleged sufficient facts for her § 1983 age-discrimination claim to survive dismissal. Plaintiff alleges that Takata's e-mail stating that they are searching "for a professor, suitable for tenure, who professed a long-term commitment to UW-Parkside" could be construed as an implication that she is too old for the job. Am. Compl. ¶ 19. Coupled with the description of Miofsky, the person UWP actually hired ("decades younger," less published, with less teaching experience and less experience in the field), and with all inferences drawn in Plaintiff's favor, *Tamayo*, 526 F.3d at 1086, these allegations are sufficient to state a claim of age discrimination.

The defendants note that the amended complaint does not specifically allege that the plaintiff is pursuing a claim of age discrimination under the Equal Protection Clause. Rather, the amended complaint mentions only racial discrimination in connection with the Equal Protection Clause. However, a complaint does not have to spell out a

5

Case 2:16-cv-00307-LA   Filed 03/02/17   Page 5 of 6   Document 22

plaintiff's exact legal theory. *See Hatmaker v. Mem'l Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010) ("plaintiffs in federal courts are not required to plead legal theories"). Here, the complaint pleads enough factual matter to state a plausible claim for age discrimination, and the plaintiff is not required to specify in the complaint that she is pursuing that claim under Equal Protection Clause. Therefore, the plaintiff has stated a valid claim for age discrimination under § 1983.

### III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that the defendants' motion to dismiss is **DENIED** in part and **GRANTED** in part. The motion is denied as to the plaintiff's § 1983 claim for age discrimination and granted as to the plaintiff's ADEA claim.

Dated at Milwaukee, Wisconsin, this 2nd day of March, 2017.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge